By the Court,

Nelson, Ch. J.
I am of opinion that Harvey, the second endorser, is discharged for want of notice. This was supposed to have been dispensed with on the ground that he had taken indemnity of the makers by means of a judgment, upon which execution has been issued; but it is extremely uncertain if any thing will he realized out of the property. The security is already in litigation in chancery. The mere precaution, by an endorser, of taking security from his principal, has never been adjudged to operate as a dispensation of a 'regular demand and notice; it is no doubt a common occurrence, yet such effect has never been imputed to it. There must be something more, such as the taking into his possession the funds or property of the principal, sufficient for the purpose of meeting the payment *277 of the note; or he must have an assignment of all the property real and personal of the makers, for that purpose. The notice is dispensed with when funds are received, upon the ground that the object for which it is required to be given, namely, to enable the endorser to obtain indemnity from his principal, has already been attained. Partial or doubtful security falls short of this, and leaves the reason of the rule requiring notice in full force. In Mechanics’ Bank v. Griswold (7 Wendell, 166), which arose upon pleadings, there was an averment of the assignment of sufficient property in some counts, and in others of the whole of the property of the maker to secure endorsers. Such also was the case of Bond v. Farnham there referred to.
The letter of Butler to the plaintiffs, I am of opinion, should be considered as a dispensation of the notice to him. He advises the plaintiffs the note will not to be met at maturity by the makers; he informs them of the security which has been given by the first endorser, the probable necessity of a sale of his farm, and of the inutility of a suit; also that he, himself, was not prepared to advance the money, and the letter winds up by requesting indulgence. In the ordinary course of the mail, it must have reached the plaintiffs just before the note fell due, and most obviously was calculated, and doubtless had the effect, to put them off their guard in respect to notice. It must have appeared to them, as it would to all, an idle step to give notice of non-payment by the makers, to a person who had just communicated to them the information above referred to, and who admitted his own liability as endorser, and asked indulgence till the funds could be realized out of the security. It may fairly be said, that the omission to give notice is attributable to the interference, and Butler should not now be permitted to take advantage of it. It is said that the plaintiffs did not assent to the delay sought, but this affords no answer to the ground taken. Their assent would not have strengthened it; no agreement was propoted by Butler, or answer to his letter requested. It was a mere application for indulgence, assigning his reasons for the same, and which did not necessarily call for an answer.
New trial granted in respect to Harvey, costs to abide the event.