## AMOSKEAG BANK *v.* MOORE & als.

An agreement between the holder and indorser of a promissory note, made before its maturity, that the time of payment shall be extended, is a waiver by the indorser of demand and notice; and in such case no demand is necessary at the expiration of the extended time.

ASSUMPSIT against the defendants, as indorsers of a promissory note signed by Paige & Young, payable to the defendants, or order, in ninety days, with interest, and indorsed by the defendants, "waiving notice." Plea, the general issue.

It appeared that the note was discounted by the plaintiffs at the request of the indorsers, and that a few days before it matured they applied to the bank to have the

day of payment extended for sixty days. It was agreed between the bank and the indorsers that it should be extended, and the following memorandum was written below the note, and signed by the defendants: "September 25, 1855. We hereby agree that the above note may be extended for sixty days from this date." On said 25th of September the makers paid to the bank the interest in advance, for the sixty days, and it was indorsed upon the note as interest paid for that time. No demand was made upon the makers, either at the maturity of the note or at the expiration of the extended time.

Both parties offered evidence in relation to promises made by the defendants subsequently to the expiration of the extended time to pay the note ; to which evidence several exceptions were taken, which are unnecessary to be stated.

A verdict was taken for the plaintiffs, subject to the opinion of the court upon the question whether the evidence in relation to such subsequent promise is not material.

*Cross & Topliff*, for the defendants.

The note in this case is an ordinary business note, payable by Paige & Young to the defendants, and indorsed by them, " waiving notice." There would be no question as to the relation of the defendants to the bank at the time the note was discounted. Does the memorandum or agreement, made on the 25th of September, change the relation of the defendants ? This is the principal question in the case. The only reasonable construction of this agreement is, that the defendants agree that their liability as indorsers may be extended for sixty days. There is no promise to pay, there is no guaranty, and no waiver of demand and notice. It is an agreement for the extension as to time, and nothing more. If the defendants had intended to waive demand and notice, or if they had in-

tended to make themselves liable as original promissors, there would have been the waiver, or the promise to pay, in the writing. In *Blanchard* v. *Wood*, 26 Maine 358, referred to in the plaintiff's brief, is the following indorsement on the note : "Phineas Wood holden for the within note," and the court say that this makes a contract to pay the note. This is the same in 16 Maine, and in a few other cases where there are words expressing a promise to pay, or waiving demand and notice. In *Seabury* v. *Hungerford*, 2 Hill N. Y. 80, the note was payable to Daniel Seabury, or bearer, and upon the back of the note was indorsed, "John T. Hungerford, backer, Schoharie." The court, notwithstanding the word "backer," construed the party indorsing liable only as indorser.

In Edwards on Bills 273, it is said, "Where a person puts his name in blank, on the back of a promissory note, he may be held liable as maker or guarantor, *when there is an agreement to that effect,* and when he cannot be charged as indorser." In the first place, then, the fair interpretation of the words of the agreement shows that the defendants are indorsers. In the second place, the facts and circumstances of the case show that the defendants are indorsers, and that the parties so regarded it. The defendants were originally indorsers. The note was extended at the request of the defendants, not for their benefit, but for the benefit of the makers. The makers paid the interest for the sixty days at the same time the note was extended ; and after the note became due upon the extension, Paige, one of the makers, was at the bank, and was requested to pay the note, but neglected so to do. After this request by the bank, two of the defendants were told by the cashier that the makers had not paid the note, and requested them to pay it. These facts and circumstances clearly show that the parties all regarded the defendants as indorsers, and that, either because they regarded the makers as perfectly good, or from gross carelessness, they neglected

to make due presentment, and give notice of the dishonor of the note.

*S. N. Bell,* for the plaintiffs.

The question in this case is, did the agreement of the defendants, made September 25, 1855, amount to a waiver of presentment?

The defendants were originally liable only as indorsers, and as such were entitled to have the note duly presented for payment at its maturity; but before the maturity of the note, and before presentment could be made, the indorsers requested to have the note extended for sixty days, and it was so extended, according to the agreement made on the bottom of the note.

This agreement, made before the maturity of the note, dispensed with the necessity of making any demand or presentment of the note, and was of itself a waiver of both demand and notice. 8 Eng. (13 Ark.) 401 ; *Lary* v. *Young, Blanchard* v. *Wood,* 26 Maine 358 ; *Norton* v. *Lewis,* 2 Conn. 478 ; Byles on Bills 268. The case of *Spencer* v. *Harvey,* 17 Wend. 489, is in point. In that case it was held that the holder of a note need not demand payment and give notice, when the indorser, a few days before the maturity, writes to him that the maker has failed, and asks indulgence until funds can be realized from security given by the maker. The indorser of a promissory note who agrees to extend the time of payment, is liable at the expiration of the period agreed upon, without notice. *Ridgway* v. *Day,* 13 Penn. Sta. (1 Harris) 208.

No demand was necessary, as the agreement made on the bottom of the note amounted to a new contract on the part of the defendants, and they would be bound to pay the note at the expiration of the sixty days. The agreement of the defendants was, that if the plaintiffs would delay for sixty days to enforce payment of the note, the defendants would pay it. The note was extended at

the request of the indorsers, and for their benefit, and their contract was direct that they would pay, and was not dependent on the contingency that demand of payment should be made on the makers.

SAWYER, J. The application made to the bank by the defendants, a few days before the maturity of the note, for an extension of the time of payment, and the arrangement which resulted, giving sixty days further time, furnished sufficient ground for the understanding on the part of the plaintiffs that demand of payment of the makers at the maturity of the note would be unnecessary. They must be supposed to have considered that it would be an idle step to demand payment in order to charge the indorsers, when the indorsers themselves had previously made an arrangement with the holders, assented to by the makers, as appears from their payment of the interest for the extended time, that payment should not then be made. The omission to make the demand is consequently to be attributed to this interference of the indorsers, and they cannot be permitted to assume the ground that they have obtained a discharge from their liability as indorsers, by reason of the omission to make a demand which their own proceedings have rendered idle, and therefore unnecessary to be made. The ground upon which a demand of the maker is held to be a pre-requisite to the liability of the indorser, is that it is to be presumed that the maker has provided himself with funds to pay the note upon presentment at maturity; and the indorser should not be resorted to for payment until the maker, the party primarily liable, has had opportunity, by such presentment, to apply the funds provided for that purpose in satisfaction of the debt. But where the parties have agreed that payment shall not then be made by the maker, the occasion for presentment is removed. The indorsers, by their application for the extension, and the agreement which followed, have fur-

nished the holders with a valid excuse for not making the presentment. This constitutes a waiver by them of demand and notice, precisely as if they had expressly indorsed with such waiver; and thereby the contingent character of their liability as indorsers, depending upon the demand of payment upon the maker, and notice of non-payment, is converted into one of an absolute character as of guarantors. Their liability being thus fixed and absolute at the maturity of the note, by reason of their indorsement and waiver of demand and notice, the fact that no demand was made at the expiration of the extended time is immaterial, as is also the evidence offered in relation to their subsequent promise to pay. The indorsement and waiver render them liable to pay, with or without a subsequent promise, and with or without a demand upon the maker at any time. The verdict may well be sustained upon this ground; and as nothing appears in the case tending to exonerate them from their liability as indorsers who have waived demand and notice, there must be

*Judgment on the verdict.*