RUSSELL *vs.* CRONKHITE.

Where an indorser, on being informed by the holder, previous to the maturity of the note, or his intention to notify him, the last day of grace, in the afternoon, to make him holden, unless he, the indorser, would say it was " all right," said " the note is perfectly good; put yourself to no trouble; it is all right." *Held,* that this was sufficient evidence of a waiver of demand and notice of non-payment, to go to a jury; and that a nonsuit was improperly granted.

THE plaintiff was nonsuited on the trial before PRATT, J. and a jury, at the Onondaga circuit. The action was against the defendant as the indorser of the promissory note of one Eno, payable at the Bank of Salina, and due January 29th, 1858. On the 27th of January the plaintiff, with the maker, who was unable to pay the note at maturity, called upon the defendant, and the maker said to him: "He, the plaintiff, has come in here to notify you on that note to make you holden." The plaintiff then told him he had got to notify him the last day of grace in the afternoon, to make him holden. The defendant said, "The note is good." The plaintiff said, "If you don't say it is all right, I shall notify you on the last day of grace in the afternoon." The defendant said, " The note is perfectly good; put yourself to no trouble; it is all right." This was the evidence, on the part of the plaintiff, and upon it the plaintiff was nonsuited. The case was submitted without argument.

Russell *v.* Cronkhite.

*By the Court,* ALLEN, J.　The only question upon this appeal is whether there was not some evidence of a waiver of the demand of payment and notice of non-payment of the note by the defendant.　If there was any evidence, no matter how slight, it should have been submitted to the jury.　In ascertaining the mutual understanding of the parties, the circumstance which is relied upon as a waiver of the formalities necessary to charge the defendant, must be construed in the light and with the aid of the surrounding circumstances and the situation of the parties.　It is very evident that the plaintiff had in view the getting of some promise, or recognition of liability, from the defendant, which should excuse the demand and notice.　And if the defendant understood the object and purposes of the call, it would be for the jury to say whether the response did not waive these formalities; or if not, whether the plaintiff did not understand the defendant to waive them; and whether the defendant did not conclude that he should so understand.　It is true that nothing was said of any demand of the note; but a notice of non-payment would have been insufficient for any purpose without a former demand.　The fair import of the declaration of the plaintiff was that unless the defendant said it was all right, he should take steps necessary to charge him as indorser. He may not have known the technical procedure for that purpose.　But it is fair to presume that he either did, or would have taken counsel, if he had not been put off his guard by the defendant.　The defendant did tell him the note was good; he need give himself no further trouble; it was all right.　In other words, he told him, in language not to be misunderstood, that he need take no step to charge him as indorser, and that the note was good as indorsed by him, and all right without that.　In *Coddington* v. *Davis*, (1 *Comst.* 186,) a waiver of "protest" was held to include the demand of payment and notice to the party to be charged, upon the ground that the term "protest," in a popular sense, and as used among men of business, included all the steps

necessary to charge an indorser. In this case it would be for a jury to say in what sense the declarations of the parties were made and understood at the time. When an indorser, a few days before the maturity of a note, writes to the holder and informs him that the maker has failed, acknowledges his liability and asks indulgence, the holder is relieved from demanding payment and giving notice of non-payment. (*Spencer* v. *Harvey*, 17 *Wend.* 489.) Nelson, Ch. J. says: "It may fairly be said that the omission to give notice is attributable to the interference, and Butler should not now be permitted to take advantage of it." See also *Leffingwell* v. *White*, (1 *John. Ch.* 99.) The maker of the note here was the son-in-law of the defendant, and the inability of the maker to pay was well known to the indorser, and that the presentation of the note would have been an idle ceremony. And I think it was for the jury to say whether it was not waived. The judgment must be reversed and a new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, July 3, 1860. *Allen, Mullin* and *Morgan,* Justices.]