## THEODORE P. SHELDON *et al. v.* DANIEL CHAPMAN and CHAS. DEMMON.

Where the drawer of a bill of exchange requests the payee thereof to hold it during an indefinite period, without presentation to the drawee, for the alleged reason that the payee "knows the draft to be good," he releases the payee from the diligence required by the law-merchant.

By such request, the drawer takes upon himself the risk of the drawee's insolvency; and assumes the responsibility of watching his circumstances.

Where the request was, that the payee should hold on to the draft without presentation until he had made a purchase of land contemplated, *Held*, that a delay of two months in the presentation of the draft to the drawee was not unreasonable.

APPEAL from a judgment of the Supreme Court.

The action was brought to recover on two drafts payable at sight. The drafts were dated July 27, 1857, and were sent by mail on that day to the payee, Dickerson, by his order.

The drafts were presented for payment on the 26th September, 1857, two months after they were received, and payment was refused. Dickerson had money in the hands of the defendants, and requested them to forward it to him by draft on New York, as soon as they could, stating "that he had a chance to buy some land." The defendants sent to Dickerson the two drafts in suit in a letter, in which they said, "Hold on to the drafts until you make your purchase, as you know they are good." The drafts were indorsed to the plaintiffs, but at what time does not appear. The judge, before whom the case was tried without a jury, rendered judgment for the plaintiffs, which was affirmed by the General Term, and defendants appealed.

*Clark & Wood*, for the appellants.

*T. R. Strong*, for the respondents.

INGRAHAM, J. The defense in this case is that the delay of the holder in presenting the drafts for acceptance discharged the drawees. Independent of the question whether there was an unreasonable delay in presenting these drafts

that, under ordinary circumstances, would discharge the drawer, there is enough in the facts proved, as to the request of the defendants, to delay presenting them to relieve the case from all difficulty on that account.   Dickerson asked for his money in the defendants' hands.   For the purpose of paying it, they sent him drafts on New York, with a request that he would hold on to the drafts until he made the purchase of the land he contemplated buying, giving as a reason for it that he knew they were good.   This, clearly, was a sufficient excuse for not presenting the drafts as soon as under ordinary circumstances would have been necessary.   While the delay was not obligatory upon Dickerson, still he might comply with the defendants' request, and if he did so, they could not complain of it.   There is nothing in the case to show that, even when presented, Dickerson had purchased the land.   On the contrary, the want of proof of any such purchase would leave the case open to the presumption that he had not completed it, and that the drafts were retained in compliance with the defendants' request.   The evident wish on the part of the defendants was to postpone the presentment of the drafts to as late a day as possible, and the defense of delay in presentment comes from them with a very ill grace, especially when it does not appear that they had sustained any injury or loss by the non-presentment, or even that they had any funds in the hands of the drawee from which the drafts might have been paid.

The judgment should be affirmed.

DENIO, Ch. J.   There is no doubt that the letter of the defendants to Dickerson, the payee of the drafts, dispensed to a certain extent with the obligation of promptly forwarding them for presentment to the drawee.   The precise question is whether it was incumbent upon the plaintiffs in this action to show that Dickerson proceeded promptly with his negotiation to purchase land, and forwarded the drafts immediately after the purchase had been consummated, or after it had fallen through, if the contemplated purchase did not take place.   There was in fact no evidence on that subject,

and about two months elapsed before the presentment was actually made. I am of opinion that it was not necessary for the plaintiffs to give such evidence. The letter of Dickerson, to which the plaintiffs' was an answer, did not refer to a concluded bargain on land, where nothing remained but the payment of the price, but to a *chance* to purchase some land. The understanding of such an expression would be, that the negotiation was yet to be made, and that Dickerson wanted the money so as to be prepared on his part. The defendants so understood the matter, as is apparent from their request that he should hold on to the drafts until he should have made the purchase. The words which are added, " as you know they (the drafts) are good," imply that the writers knew, or understood, that the transaction in which the money was to be employed would require time for its completion, and from the nature of the case that time would be indefinite and incapable of present ascertainment, and that they left that time to the convenience and the discretion of Dickerson. It implies further, that the drawees considered it for their advantage that the collection of the drafts should be postponed as long as would consist with the convenience of the payee. Otherwise the request would have been without motive, and would have been idle. The letter is equivalent to a suggestion that the payee would be safe in keeping the drafts out of circulation as long as his affairs or his convenience might require, because he knew that the parties to them were good, and that they, the drawees, desired, for reasons of their own, that he would do so. By thus writing, the defendants took upon themselves the hazard of the insolvency of the drawees. By agreeing that the payee might delay the collection for any indefinite period which his business might require, they assumed the duty of watching, so far as it might be necessary, the condition and pecuniary circumstances of the drawees, and of giving notice to the holder if anything should occur to require an early presentment. At the outset they released the payee from the obligation of diligence which the law-merchant imposed upon him; and if he was guilty of any want of diligence which

was imposed upon him by the substituted conventional arrangement, it was for them to show it.

I do. not say that the payee could have held the bills without presentment for any conceivable length of time. The holder would probably be considered chargeable with laches if he had kept them beyond the time for which commercial paper is most usually drawn, say from sixty to ninety days. If within that time the drawers desired to accelerate the collection, they should have given notice to the holder. The decision of the judge, who tried the case without a jury, is equivalent to a verdict. If, therefore, it should be conceded that the question of diligence was a matter of fact to be passed upon in the way such questions are determined, we could not say that the delay was unreasonable. Investments in land always imply the consumption of more or less time. The premises frequently require to be examined, records to be searched, questions of title to be settled and conveyances to be drawn. We cannot pronounce that the trial court allowed too long a time, when they admitted two months not to be excessive. Such transactions frequently require a period as long or longer.

I think the defense was without merits, and that the judgment appealed from should be affirmed, with an allowance of damages for the delay.

Judgment affirmed.