AMOS A. SHELDON *vs.* SAMUEL HORTON, impleaded, &c.

Any act of an indorser of a promissory note, calculated to put the holder off his guard, and prevent him from treating the note as he would otherwise have done, is, in judgment of law, a waiver of demand and notice.

Thus, where the holder of a note told the indorser, sixteen days before it fell due, that the maker wanted the note to remain another year, and asked him if he was willing, and the indorser replied that he was willing to let it remain, and at the same time took the note and looked it over, and said it was a good note; *Held* that this excused a demand, and notice of nonpayment.

THIS was an action on a promissory note for $400, made by William H. Horton, on the 3d day of May, 1865, payable to Niles Knickerbocker, or bearer, one year after date, with interest at six per cent, and indorsed by Samuel Horton. The action was brought against maker and indorser, jointly, but Samuel Horton, the indorser, only, appeared. On the 19th day of April, 1866, Henry H. Sheldon, the then holder of the note, transferred and delivered it to the plaintiff, who became the holder and owner thereof. On the same day, and previous to the delivery of the note to the plaintiff, Henry H. Sheldon went to the defendant Samuel Horton, and told him he had the note, and that William H. Horton wanted it to lie another year. He asked Samuel Horton if he

was willing, and he said he was; he looked it over and said it was a good note. The note was then passed to the plaintiff, and was permitted to run another year, without any demand being made. At the expiration of said year, to wit, on the 3d day of May, 1867, the plaintiff, being still the holder and owner of said note, demanded payment of the same from William H. Horton, which being refused, he notified Samuel Horton, the same day, that he should look to him for payment.

No part of the note having been paid, this action was brought for the recovery of the amount due thereon.

On the trial at the circuit, the above facts were established, and a verdict found by the jury, for the plaintiff, against both defendants, and judgment entered accordingly. The defendant Samuel Horton moved, upon the minutes of the judge, to set aside the verdict, and for a new trial; which motion was denied. And from the judgment and order the said defendant Samuel Horton appealed.

*Homer A. Nelson,* for the appellant. I. The exceptions taken to the rulings of the judge are well taken. The conversation of the 19th of April did not amount to a waiver of demand of payment of the maker of the note and notice of non-payment to the indorser. A stipulation of the indorser to waive notice does not dispense with the demand. They are distinct acts, each a condition precedent to the right of recovery. (6 *Mass. R.* 524.) Parol testimony to show that an indorser, at the time of indorsing, agreed that he would be liable, notwithstanding the holder should omit to present for payment and give him notice of non-payment, is inadmissible, because it goes to contradict the contract of indorsement. (*De Groot* v. *Blake, Anth. N. P.* 299.) Nothing short of the clearest evidence of assent, express or implied, on the part of indorsers of a promissory note will amount to a waiver of notice of pro-

test. (*Oswego Bank* v. *Knower, Hill & D. Supp.* 122.) As to "waiver of protest," see *Coddington* v. *Davis,* (3 *Denio,* 17, *and* 1 *Comstock,* 186.) A written waiver of notice of protest does not amount to a waiver of presentment to the maker at its maturity, and demand of payment. (*Buckley* v. *Bentley,* 42 *Barb.* 646; *also see Coghlan* v. *Dinsmore,* 9 *Bosw.* 453.) Insolvency of the maker is no excuse. (12 *Wend.* 110.) By the most liberal construction the most that can be claimed is, not that the defendant waived demand and notice, but that he assented that it "should remain another year;" in other words, that it should be payable two years from date instead of one year from date, and this was so understood by the plaintiff, for he undertook to charge Samuel Horton as indorser on the 3d of May, 1867.

II. The demand of payment and notice of non-payment made on the 3d of May, 1867, were nugatory. If it "stood another year" it would fall due May 6, 1867, that being the last day of grace. In *Griffin* v. *Goff,* (12 *John.* 423,) the note was demanded on the day named for payment, and notice given to the indorser on the third day, the last day of grace, and it was held that the demand on the day named was nugatory. The notice to the indorser was a nullity for want of a demand on the last day. The maker as well as the indorser is entitled to the three days' grace. (*Hogan* v. *Cuyler,* 8 *Cowen,* 203.) A suit commenced on the third day of grace is premature, although the note was previously on that day demanded and payment refused. Notwithstanding the demand and refusal, the maker has all of the third day to seek the holder and make payment. (*Osborn* v. *Moncure,* 3 *Wend.* 170.) Same ruling where suit was commenced after banking hours on the third day of grace on a note payable at a bank. (*Smith* v. *Aylesworth,* 40 *Barb.* 104.)

III. A new trial should be granted to this appellant on the evidence. The facts sworn to by Henry Sheldon

being positively denied by the defendant, this indorser should not be deprived of his legal rights, as such, by reason of the evidence in this case.

*M. Anthony,* for the respondent. I. The consent by the indorser, Samuel Horton, before the maturity of the note, to have the time of payment extended for one year, operated as a waiver of his right to have demand made and notice given him of its non-payment by the maker. (*Edw. on Bills and Prom. Notes,* 633. 1 *John. Cas.* 99. 10 *Wend.* 504. 13 *Barb.* 163. 4 *Campb.* 285.)

II. The delay in requiring payment of the note by the maker during the period of one year being with the consent of the indorser, the latter is not thereby discharged from his original liability. (17 *John.* 58. 1 *Caines,* 121. 12 *East,* 38.)

III. The implied waiver, by the indorser, of demand and notice, being equivalent to due notice, his liability is thereby fixed, and no subsequent valid agreement between holder and maker, for giving time, is necessary. The delay is at the will of the holder during the period covered by the consent of the indorser. (18 *East,* 430. 17 *John.* 176. 18 *id.* 327.) If the drawer be consulted and his assent be given before any arrangement is made, he is a party to the contract extending the time of payment, and cannot complain of the delay. (3 *Car. & Payne,* 456. 6 *Conn. R.* 444.)

IV. Although no consideration for the delay is shown in this case, still it has been decided that a mere agreement with the drawer for delay without any consideration for it, and without any communication with, or assent of the indorser, is no discharge of the latter after he has been fixed in his responsibility by the refusal of the drawee, and due notice to himself. (12 *Wheat.* 554.) In this case the assent of the indorser to the delay takes the place of demand and notice in fixing his responsibility.

Sheldon *v.* Horton.

*By the Court*, GILBERT, J. We are of opinion that the case was correctly disposed of at the circuit. Any act of the indorser, calculated to put the holder off his guard, and prevent him from treating the note as he would otherwise have done, is, in judgment of law, a waiver of demand and notice. (*Phipson* v. *Kneller*, 1 *Stark.* 116. *Leffingwell* v. *White*, 1 *John. Cas.* 99. *Spencer* v. *Harvey*, 17 *Wend.* 489. *Bruce* v. *Lytle*, 13 *Barb.* 167. *Taylor* v. *French*, 4 *E. D. Smith*, 458. *Amoskeag Bank* v. *Moore*, 37 *N. H. Rep.* 539. *Ridgway* v. *Day*, 13 *Penn. R.* 208. *Barclay* v. *Weaver*, 19 *id.* 396.)

*Phipson* v. *Kneller* was this. Three days before the bill became due, Kneller, the drawer, upon inquiry made by the holder, told him that the bill, when due, would not be paid by the acceptor, and said he would not give his own address, but would call in a few days and inquire whether the bill had been paid or not. Lord Ellenborough held that "no legal proposition can be more clear than that, when a party says, my residence is immaterial, I will inquire whether the bill is paid, he thereby dispenses with notice."

In *Leffingwell* v. *White*, the indorser called on the holder just before the note became due, and proposed to give his own note for the amount, which was assented to, and during the negotiation between them, the note fell due. It was held that the pending negotiation dispensed with demand and notice. In *Spencer* v. *Harvey*, the indorser wrote to the holder, a few days before maturity, stating that the maker had failed, acknowledging his liability and asking indulgence. This was held to be a waiver of demand and notice. In *Bruce* v. *Lytle*, it was held that a promise made by the indorser to the holder, the day before the note fell due, that "he would be up there three or four days afterwards, and pay the note and take it up," was sufficient to dispense with demand and notice. In *Amoskeag Bank* v. *Moore*, the indorser, a few days before

Sheldon *v.* Horton.

the maturity of the note, signed the following agreement at the foot of the note: "Septbr. 25, 1855. We hereby agree that the above note may be extended for sixty days from this date." It was held that no demand was necessary.

In *Ridgway* v. *Day*, the holder wrote to the indorser before maturity, informing him that the maker could not probably pay, and offering to extend the time of payment, and the indorser replied he was "willing to extend the time for thirty days longer, and of course will stand responsible for the payment of the note as originally intended." Held a waiver of all demand and notice. In *Barklay* v. *Weaver*, the same effect was given to a parol agreement to extend the time of payment.

In the case before us, the holder told the defendant sixteen days before the note fell due, that the maker wanted the note to remain another year, and asked him if he was willing. The defendant replied, that he was willing to let it remain, and at the same time took the note and looked it over, and said it was a good note. After such an arrangement for extending the time of payment, a demand and notice would have been useless, and in contravention of the object and intention of the parties. And it is contrary to good faith, to set up as a defense a want of demand and notice, which had been caused by the forbearance of the plaintiff.

The judgment and order denying a new trial should be affirmed, with costs.

[KINGS GENERAL TERM, December 19, 1868. *Lott, J. F. Barnard, Gilbert* and *Tappen*, Justices.