By the Court, Beady, J.
The jury were instructed that “if an endorser promises to pay a note after it has become due, it is a waiver of the failure to make that demand and notice which the law says the holder of the note ought to make. Therefore, if you find in this case ' that Mr. Van Hook promised to pay this note after it became due, the plaintiffs are entitled to recover for the whole amount.” This was error. The promise must be made after full knowledge of the omission to make due presentment. If the charge had contained the proposition that a promise to pay after maturity, and after full knowledge of the failure to make due presentment, was binding, it would have been unexceptionable. The rule is well settled. (Tebbetts v. Dowd, 23 Wend. 379, and cases cited. Meyer v. Hibsher, 47 N. Y. 265.)
It does not follow, however, that a new trial should be granted. The facts developed on the trial render it just and proper that the judgment rendered herein should, nevertheless, be affirmed. The maker of the note was the uncle of the defendant’s wife, and was an old man. The defendant took charge of his property . for that reason. Before the maturity of the note he had assigned or sold all of his property to the defendant, and had become deceased. He left no estate, therefore, of which administration could be granted, and though he left a will, no executor had been qualified. There was no person representing his estate; no one of whom a demand could be made of the payment of the note. There *467 was nothing left to pay it. The defendant had the whole of the property of the maker. The defendant knew these facts. He stated them on his examination. With full knowledge of them he went to the plaintiffs prior to the maturity of the note, and told them it would be impossible for him to pay it when due; asked for time; and said if they would wait he would be sure to pay it. He admits that he went to the plaintiffs’ .place of business and told them of his inability to pay, but said that he did not Tcnow that at that time he said anything about paying at a future time. He would not swear that he did not then promise to pay it at a future time; admitting, however, that the conversation was general in regard to the note. . One of the plaintiffs swears, distinctly and positively, that the defendant asked for time, and promised to pay if they would wait. There was no contradiction of that evidence. The defendant did not know that he made the promise, but would not swear that he had not. There are no conclusions to be drawn from this evidence other than that the defendant applied for time to pay, before the maturity of the note, and promised to pay it if the plaintiffs would wait. If the judge had been asked to direct a verdict in favor of the plaintiffs, at the close of the testimony, it would have been his duty to comply with the request. The fact of the promise made was established beyond all reasonable doubt; was not denied; and was a waiver of presentment, and binding. The case of Sheldon v. Horton,, (43 N. Y. 93,) is in point, and conclusive. See also, Spencer v. Harvey, (17 Wend. 489,) and Bruce v. Lytle, (13 Barb. 167.) It was therefore wholly immaterial whether the defendant promised to pay the note after maturity. His liability was established by a promise made before maturity.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham, Brady and Learned, Justices.]
The judgment should be affirmed.