Barnard, P. J.
The appellant is a married woman. She was conducting a separate business, and in the course of it bought sash and blinds of one William Hall. The business was conducted by the appellant’s husband, and his power of attorney, verbal and written, is abundantly proven. The appellant was present when the note was given, which was given, it appears, in the usual way, and signed in the husband’s name, E. J. Van Wagner, with the addition of the abbreviation “att’y.” Hall’s representative spoke to the appellant, who was present, to put her name on the note. “She asked me what for; said that was her note.” She is bound as maker.
She received the property for which it was given as purchaser, and she bound herself by the signature “E. J. Van Wagner, Att’y.” She is also liable as indorser. To remove Hall’s objection that the business partners made the objection that they did not know who he was attorney for, she indorsed her name on the note with apt words to bind her separate estate.
The note was transferred to the plaintiff, and when it was about to become due and the general agent wrote to the plaintiff, and this is the narrative of the interview: “Mr. Van Wagner came to my house (Hall’s) and wanted me to go down and see Mr. Eope with him, who held this note. We went down to Mr. Hope’s house and wanted to get the note extended. Mr. Eope said that he would not extend the note, that he did not want it sued; there was some suit going on, and he said he would not sue it, or he would not protest it if I would waive notice of protest. He then said the bank don’t want to take these. Have you authority to sign your name as E. J. Van Wagner, att’y. for Mrs. Van Wagner. He says I have. Nothing else was said except that Mr. Rope agreed to hold the note.” With a general agent of such power that he was equal to the principal, this amounted to a waiver of protest. Spencer v. Harvey, 17 Wend., 489; Sheldon v. Chapman, 31 N. Y., 644; Horton v. Sheldon, 53 Barb., 23; substantially affirmed in the court of appeals; 23 N. Y., 93.
The judgment should therefore be affirmed, with costs.
Dykean, J., concurs.
Cullen, J. We think it was not competent to prove that the note signed E. J. Van Wagner, attorney, was the note of the defendant, Augusta 0. Van Wagner, her name not appearing on the note. 30 Hun, 365; 8 id., 535. Nor was the- defendant hable as endorser, no notice of the nonpayment of the note having been given to her.
*158 The note was payable to the order of one S. Hall, and the alleged endorsement in the form following : “For value-received, I charge my separate estate with the payment of this note—Augusta Gr. Van Wagner.”
It was proved that the note was so endorsed prior to the-delivery to Hall, and that the consideration of the note was a sale of goods to the defendant. It is doubtless the rule that when a note is endorsed by a third person before delivery to the payee, for the purpose of giving credit to the-maker, such third person is liable only as endorser. - But we are of opinion that the contract of the defendant was not one of endorsement. We think it was that of guaranty.
It expressed a valid consideration, and charged the estate of the defendant with the absolute payment of the note. Such a contract is a guaranty, and the guarantor is liable without protest and notice thereof. The defendant was, therefore, properly held liable for the payment of the note on the conceded facts of the case, and she was nowise harmed by the admission of the improper testimony.
The judgment should be affirmed, with costs.