QUAINTANCE, RESPONDENT, v. GOODROW ET AL., APPELLANTS.

[Submitted July 8, 1895. Decided July 15, 1895.]

PROMISSORY NOTE—*Indorser*—*Waiver of notice of non-payment.*—Notice of demand and non-payment is waived by the indorser of a note who, at the time of indorsing it, stated to the payee that he was to look to him and to no one else to pay the note and that he would pay it promptly, and on the last day of grace and at other times after maturity promised to pay it and asked not to be pressed.

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION on a promissory note. Plaintiff had judgment below. Motion of defendant King for a new trial was denied by SHOWERS, J. Affirmed.

*Walsh & Newman* and *W. L. Hay*, for Appellant.

*Cowan & Parker*, for Respondent.

PEMBERTON, C. J.—This is an action on a promissory note. On the 17th day of June, 1892, Moses Goodrow executed his promissory note to plaintiff for the sum of $750, with interest payable six months after date. Defendant King indorsed the note at the date of its execution. The note was not paid at maturity, and this suit was brought for its collection.

The defendant King alleges as a defense that the plaintiff did not demand the payment of the note, at maturity, of the maker; that the note was not protested for nonpayment; and that he was not in any manner notified of the nonpayment

thereof. The complaint alleges, in effect, that defendant King, by divers promises made to pay the note, before, at, and subsequent to the maturity thereof, waived protest, presentation, and notice of nonpayment. The case was tried to the court without a jury. The court found, as questions of fact, that defendant King, at the time he indorsed the note, stated to plaintiff that he was to look to him (King), and no one else, to pay the note, and that he would pay it promptly; that, on the third day of grace, the agent of plaintiff demanded of King payment of said note, and that he promised then, and at various times thereafter, to pay the same. The court rendered judgment against King for the full amount of the note. King appeals from the judgment, and also from the order denying a new trial.

The testimony of the witnesses is to the effect that the defendant King, at divers times after the maturity of the note, promised to pay it. He asked not to be pressed, and promised that, as soon as he could get the money, or arrange it, he would pay the note. He promised to pay it on the last day of grace, and asked not to be pressed. We think the evidence amply supports the findings of the court in respect to this contention.

Daniel, in his work on Negotiable Instruments (4th Ed. § 1090) says: "When presentment of the bill or note at maturity has been dispensed with by prior agreement between the parties, or, in other words, has been waived by the party entitled to require it, the holder is excused for his failure to make it. It would be fraud upon the holder to permit him to suffer by acting upon the assurance of the party to whom he looks as security upon the paper; and, as a prompt presentment is a requirement solely for the benefit of the drawer and indorsers, they are themselves the sole judges to determine whether or not they will enforce it. The waiver may be either verbally or in writing. It may be expressed *in totidem verbis*, or inferred from the words or acts of the parties. And it matters not what particular language may be used, so that it conveys the idea that the presentment at maturity is dis-

pensed with.   The like observations apply to the protest and notice.'' It is not necessary that the waiver should be direct and positive.   (Daniel, Neg. Inst. § 1091. See §§ 1090-1108, inclusive, for a general discussion of the doctrine of waiver.)

In *Yeager* v. *Farwell*, 13 Wall 6, a case involving the question of waiver, the court say:   ''The indorser can, by his own conduct, place himself in such a position that he is estopped from alleging want of demand and notice of nonpayment.   Although, accurately speaking, there can only be a waiver of demand and notice by the indorser before the note is due, yet, after it is due, he can waive proof of them, or, what is more to the purpose, he can so act towards the holder of the note as to render the fact that demand was not made or notice given wholly immaterial.''

In *Gove* v. *Vining*, 7 Metc. (Mass.) 212, a case almost identical in its facts with the case at bar, Mr. Chief Justice Shaw says:   ''And the court are of opinion that when an indorser, at or shortly before the time when the note becomes due, says to the holder that an arrangement for its payment is about being made, and in direct terms, or by reasonable implication, requests the holder to wait, or give time, it amounts to an assurance that the note will be paid,—that the promisor or indorser will pay it,—and is a waiver of demand and notice. It tends to put the holder off his guard, and induces him to forego making a demand at the proper time and place; and it would be contrary to good faith to set up such want of demand and notice—caused perhaps by such forbearance—as a ground of defence.''   See, also, authorities cited.   (*Markland* v. *McDaniel*, (Kan. Sup.) 32 Pac. 1114; *Sheldon* v. *Horton*, 53 Barb. 23.)

We are of the opinion that the defendant King, by his conduct and frequent promises to pay the note, waived demand and notice of nonpayment thereof.

The judgment and order appealed from are affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.