Per Curiam.

In general, the period of a month is construed to mean a lunar month, unless it is otherwise expressed; (a) but in the case of bills of exchange, the mode of cona *114 puting time is by calendar, and not lunar months.. . The same reason applies to promissory notes, which in many respects stand bn the footing of bills, and are generally governed by the samé rules.(b)
On the second point, we are of opinion that the pending negotiation between the parties superseded the necessity of a demand of payment and of notice. The defendant was fully apprised of his situation before, and at the time the note fell due. One of the makers was absent Trom the state, and the other had absconded. iA formal dem'and and notice under such circumstances, could answer no valuable purpose. The defendant, sensible of this, by his own acts admitted his responsibility, .treated the note as his own, and negotiated for a further time of payment. By this conduct he waived the necessity of any demand or notice.(c)
*115 Note—The defendant afterwards moved in arrest of judgment, on the ground that the first count in the declaration alleged a demand of payment in general terms, to wit, although often requested, &c., and did not aver a demand of payment from the makers on the last day of grace : and that the verdict being general on the several counts, must be arrested for the defect in the first count. Sed, per Curiam: There are precedents without the special averment of demand, and they are sufficient to warrant this form of declaring. Even if * the objection were good on de- [*101] murrer, it is now too late. The fault in the first count of the declaration, is no more than the defectively setting out of a title which is always cured by a verdict. The motion must be» denied.
Judgment for the plaintiffs.

 haring v. Hailing, 15 Johns. R 119. Parsons v. Chamberlain, 4 Wend. 512. 2 Black. Comm. 141. Lacon v. Hooper, 6 T. R. 225. Castle v. Burditt, 3 id. 623. Rex v. Adderley, Doug. 464; 1 Bing. 307. Ellis’ case, 3 Halstead, 232. Catesby’s case, 6 Co. 61. In the matter of Sainford & Horn, 6 Maule & Selw. 226. As to lunar and calendar months, and how they are calculated ; Lang v. Gale, 1 Maule & Selw. 111. Watson v. Pears, 2 Campb. 294. Cathcart v. Hardy, 2 Maule & Selw. 536. And see as to time in general, note to 2 Chit. Bl. 141. 2 Hill, N. Y. R. 376, n. (6). Where calendar time was intended by a statute ; The People v. The Mayor of New York, 10 Wend. 393. Snyder v. Warren, 2 Cowen, 518. In Massachusetts, a month mentioned generally in a statute, or contract, will be considered a *114 calendar month. Hunt v. Holden, 2 Mass. R. 170. Avery v. Pixley, 4 id. 460. Churchill v. Merchants Bank, 19 Pick. 532. So in Pennsylvania, Brudenell v. Vaux, 2 Dallas, 302. Commw. v. Chambre, 4 id. 144. Moore v. Houston, 3 Serg. & Rawle, 184. And the same rule there applies to all contracts, Shaply v. Garey, 6 Serg. & Rawle, 539. But whether the rule should be the same with respect to judicial proceedings dubitatur; and where imprisonment for “ one month” had been ordered by the supreme court for a contempt, that court discharged the prisoner at the expiration of a lunar month. Commw. v. Oswald, 1 Dallas, 329. (n).

 McMurchey v. Robinson, 10 Ohio R. 496. Cockell v. Gray, 3 Brod. & Bing. 187. Lang v. Gale, 1 Maule & Selw. 111. Chitty on Bills, 268, (7th ed.) Bayley on Bills, 247,250. Story on Bills, § 143,330.

 If by prior arrangement between the parties to a bill or note, the necessity of notice has been expressly or impliedly dispensed with, as between these parties, no notice need be given, and the want of it is entirely excused. Story on Bills, § 317; for here the maxim strictly applies, Quilibet potest renunciare juri pro se introducto. 2 Inst. 183. Wingate Max. ■ 483. Andrews v. Boyd, 3 Metcalf, 434. The same doctrine is recognized in the French law, Pardessus, Droit, Comm. tom. 2, art. 425,436. Thus, where the endorser of a promissory note, shortly before it became payable, agreed with the holder, in consideration of,time being given, that he would pay the note, it Was held that this was equivalent to proof of demand and notice, and satisfied the usual averments of demand and notice in the declaration, Norton v. Lewis, 2 Conn. R. 473. So where an endorser promised a bank to attend to the renewal of the note, and to take care of it, and directed the usual notice to the makers to be sent to himself, Taunton Bank v. Richardson, 5 Pick, 436. So where a noté was payable after, ten days’ *115 notice, and notice was given, and before the expiration of the ten days, the endorser of the note promised to pay it, telling the holder to give himself no uneasiness about it, as he would see him paid, it was held that the endorser was es-topped from alleging want of demand and notice of non-payment. Leonard v. Gary, 10 Wend. 504. And where an endorsee, who lived in New Y ork, observed, at the time of the transfer, to his endorser, who lived elsewhere, that he had no confidence in the other parties to the note, and did not know them, and should look wholly to him ; to which he replied that he would be in New York when the note came due, and would take it up if it were not paid by any other party, it was held that a jury might infer a waiver of a regular notice. Boyd v. Cleveland, 4 Pick. 525. Phipson v. Kneller, 4 Campb. 285. 1 Stark. 116, S. C. And see Barker v. Parker, 6 Pick. 80. And if the drawee of a bill, on being applied to by the holder before it is due, to know if it will be paid, answer that it will not, he is not entitled to notice of non-payment. Brett v. Levett, 13 East, 214. But when it appeared that the demand was made upon the maker before the last day of grace, and notice given to the endorser, who said in substance that he would see the maker and have the matter attended to, and made an appointment to meet the witness afterwards, which he did not keep, it was held that the endorser had not waived a further demand on the maker. Jackson v. Newton, 8 Watts, 401.
In addition to the other circumstances mentioned by the court, in the principal case, the defendant admitted that he was “ secured or indemnified for his responsibility.” This, in itself, constitutes an answer to the want of demand and notice. Bond v. Farnham, 5 Mass. R. 170. See also Corney v. Da Costa, 1 Esp. 303. Whitfield v. Savage, 2 Bos. & Pul 277. Mead v. Smith, 2 Greenleaf, 207. Martel v. Tureaud, 18 Martin, 117. Rogers v. Stephens, 2 T. R. 713.