GEORGE G. GOVE & another *vs.* POLLY VINING.

A promissory note was made payable "at either bank at Boston," in four months from December 27th 1841, and was indorsed by the payee : On the 27th of April 1842, the holder sent a messenger, with the note and a written notice to the indorser requesting payment, to the house in which the maker and indorser resided : The maker was absent, but the indorser read the notice and told the messenger that the maker would see the holder in a short time, and wished him not to sue the note until the maker should see him : No demand was afterwards made on the maker, nor notice given to the indorser. *Held*, that the indorser had waived a legal demand and notice, and was answerable to the holder.

ASSUMPSIT by the indorsees against the indorser of the following note :   " Scituate, December 27th 1841.   Four months after date, for value received, I promise to pay to the order of Polly Vining one hundred and three dollars and eighteen cents at either bank at Boston.   Alexander Vining."   This note was indorsed in blank by the defendant.

The plaintiffs, to prove their declaration, offered the deposition of C. E. Fogg, who deposed, that he, on or about the 27th of April 1842, at the request of his father, Eben. T. Fogg, took the said note, and also a written notice requesting payment of said note, and went to the dwelling-house of Polly Vining and Alexander Vining ; that he saw said Polly, but did not see said Alexander, he not being at home ; that he handed to said Polly the note and written notice, and she read them, and said that Alexander was going down to see the deponent's father in a short time, and wished he would not sue the note until Alexander saw him : That said notice was in the following words :   " A note dated December 27th 1841, signed by Alexander Vining, and indorsed by you, for $103·18, and payable in four months from date, is now due, and you are requested to pay the same.   Ebenr. T Fogg, Atty.   April 28th 1842."

The defendant admitted that the statements in the depo sition were true, and the parties took the case from the jury, and agreed that the court, on those statements, should render judgment for the plaintiffs or for the defendant, according to their opinion thereon.

*Eddy*, for the plaintiffs.

*Kingsbury*, for the defendant.

. Shaw, C. J. The plaintiffs seek to recover of the defendant, as indorser, the amount of a promissory note, made by Alexander Vining to the defendant or her order, and by her indorsed. The note was dated December 27th 1841, payable at four months from date at either bank in Boston. The defence relied on was, that there was no demand on the maker, and no notice of dishonor to the defendant as indorser. The plaintiffs relied on a waiver of demand and notice by the defendant.

The facts were testified to, in a deposition of C. E. Fogg, son of the agent with whom the note was deposited by the plaintiffs for collection, and were subsequently agreed to, as a statement of facts. It appears, by this statement, that on the day the note nominally fell due, but before the days of grace, the deponent, by direction of his father, took the note, and went to the house where both the promisor and indorser lived. He carried with him a written demand on the indorser, for payment. This, however, though payment was not then made, would not amount to a dishonor of the note, both because the days of grace had not expired, and it was not yet due; and because it was payable at a bank in Boston. But there was still ample time to send it to Boston, and place it in a bank there for collection, if nothing had been done by way of waiver by the indorser. It appears that the messenger did not see the promisor, but he saw the indorser, the defendant, and handed to her the written demand and the note, and she read them. She said that Alexander, the promisor, was going down to see the messenger's father (who had charge of the note for the holders) in a short time, and wished he would not sue it until Alexander saw him. Although, literally, this was stated as the request of the promisor, yet it was made by the indorser, without any restriction or qualification on her part, and therefore may be considered the same as if it were her own. It was therefore a request, by the indorser, to the holders, through their agent, with full notice that the note was then nominally due, (though not legally payable till three days after,) for forbearance of payment. It was calculated to induce the holder to believe that the parties who were liable were

about making some arrangement or some proposal, by which it would be paid, if he would forbear resorting to coercive measures for a short time.

· And the court are of opinion that when the indorser, at or shortly before the time when the note becomes due, says to the holder, that an arrangement for its payment is about being made, and in direct terms, or by reasonable implication, requests the holder to wait or give time, it amounts to an assurance that the note will be paid — that the promisor or indorser will pay it — and is a waiver of demand and notice. It tends to put the holder off his guard, and induces him to forego making a demand at the proper time and place ; and it would be contrary to good faith, to set up such want of demand and notice — caused perhaps by such forbearance — as a ground of defence. *Leffing well* v. *White*, 1 Johns. Cas. 99. *Mechanics Bank* v. *Griswold*, 7 Wend. 165. *Leonard* v. *Gary*, 10 Wend. 504. *Taunton Bank* v. *Richardson*, 5 Pick. 436. *Thornton* v. *Wynn*, 12 Wheat. 183. *Wood* v. *Brown*, 1 Stark. R. 217.

*Judgment for the plaintiffs.*