DANIEL LEARY, Respondent, *v.* JOHN MILLER, Appellant.

Where upon the maturity of a promissory note a renewal note is given therefor under an usurious agreement, an indorser upon both notes is not discharged from his liability on the first, because of a failure to give due notice of presentation and non-payment of the second.

*It seems,* that the indorsement of the renewal note with knowledge upon the part of the indorser of the usurious agreement, is a waiver on his part of presentment and notice of non-payment of the original note; the invalidity of the second note because of the usury does not affect its operation in this respect, as because of its receipt the holder of the original note was induced to omit these necessary steps to charge the indorser.

(Argued September 22, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered on a decision of the court on trial without a jury.

This action was brought against the defendant as indorser of a promissory note for $500, given by one John Cole-

man to the order of the defendant, and by him indorsed to the plaintiff.

The complaint alleged that the note was taken by the plaintiff in renewal of a like note held by him, surrendered at maturity; that the first note was given for a loan of $500 made by the plaintiff to Coleman. The answer alleges usury in both of the notes, and that due notice of the presentment for and demand of payment, and of non-payment of the renewal note, was not given to the defendant, the indorser thereof.

The court found that the first note was given for full value, that it was surrendered when the note in question was substituted, and that the plaintiff received of the maker twenty-five dollars over and above the legal rate of interest upon the renewal note at the time it was given. It also found that notice of presentment for payment and non-payment of the note in suit was given to the defendant, Miller, by depositing the same in the post-office at the city of Newburgh, addressed "J. Miller, Newburgh;" that said notice did not reach Miller; that the notary knew Miller's occupation and place of business, but not the number of the street; that his name, with the street, and number of his residence, and place of business, was contained in the directory of said city at the time of addressing the said notice, to which the said notary had access.

The judge, on the facts thus found by him, decided, as a conclusion of law, that the plaintiff was entitled to recover the amount of the note claimed, less twenty-five dollars, with interest after that note became due. The defendant duly excepted to that conclusion.

*Amasa J. Parker* for the appellant. An usurious renewal of a note is void. (19 J. R., 297; 32 N. Y., 119; 33 id., 58; 30 Barb., 95; 13 Wend., 511; 37 N. Y., 355, 446; 39 id., 330; 8 Cow., 82; 5 Wend., 597.) The first note was no evidence of a debt due from defendant to plaintiff, because it was not presented for payment. (5 Barb., 492; 50 id., 46; 1 Keyes, 229; 3 Wend., 66; 6 id., 663; 23 id., 346; H. & D., 320; 37 N. Y., 443; 26 id., 407; 21 Wend., 501; 6 Hill,

99; Edw. on Notes, 200; Chitty on Bills, 172, note, 180, note; 19 J. R., 297; 20 N. Y., 228, 292; 53 Barb., 27; Story on Con., § 32; 22 N. Y., 316; 41 id., 308; 39 id., 119; 40 id., 254, 482; 36 id., 521.) The renewal being usurious, the whole transaction was infected and avoided. (5 Wend., 598; 37 N. Y., 446; 32 id., 119; 33 id., 667; 39 id., 190; 13 id., 551; 16 id., 240; 31 id., 484; Story on Notes, §§ 345, 346; 2 Pars. on Con., 621, note; Chitty on Bills, pt. 1, chap. 10, pp. 474, 475; chap. 5, p. 147.) Notice of non-payment of a note is neither directly nor by implication notice of demand. (5 Barb., 490; 50 id., 46; 42 id., 649; 11 Abb. Pr., 291; Story on Notes, § 350; 11 Wend., 629; 3 Den., 22, 23.)

*S. W. Fullerton* for the respondent.

Lott, Ch. C. The original loan and the note given therefor were not tainted with usury, and they were neither of them affected by the usury which the court found to have been taken by the plaintiff on the renewal of that note, or the substitution of the one in suit therefor. Such usury invalidated the last-mentioned note, and therefore did not pay or extinguish the original indebtedness, nor the first note given therefor. The defendant was, therefore, clearly liable upon well-settled principles, not disputed by his counsel, for the amount of the recovery against him — being the amount of the first note, with interest thereon, after the substituted or renewal note fell due, unless the manner of giving the notice of the presentment and non-payment of that note precluded such recovery. I think it did not. Assuming the last note was invalid and of no legal obligation, the defendant's liability as indorser on the first note continued, and was never discharged. No question was made as to his liability as such indorser on the ground of a want of due notice of demand and non-payment thereof, either in the answer or on the trial. None can, therefore, be raised on this appeal, and the point of the learned counsel in reference to it, claiming

that " the first note was no evidence of a debt due from the defendant to the plaintiff because such note was not presented for payment at the place of payment," etc., is not based on any fact to sustain it. He properly says, in discussing the effect of usury in the last note, that " the law restores the usurer to his rights under the previous valid security," and, in support of the position, cites *Cook* v. *Barnes* (36 N. Y., 520). That concession shows that the want of due protest, etc., of the usurious note was immaterial. It is, consequently, unnecessary to consider whether what was done in reference to that matter was sufficient or not. The restoration of the plaintiff to his original rights obviated the necessity of doing any thing on that subject.

There is nothing in the findings of the judge to show that the defendant was not liable as indorser on the surrendered note. If it be conceded, as now claimed, that it had not been protested for non-payment, that fact alone was not sufficient to discharge him. The circumstances attendant on the giving of the renewal note (which, it is reasonable to presume, was given before that for which it was substituted was dishonered), operated as a waiver of a formal demand of payment, protest, and notice of non-payment. The transaction itself, which took place on the day the first note fell due, in its very nature, was a notice to him that the note was not paid, and the giving of the substituted or renewal note must have been understood by all parties (assuming that no actual demand of payment had been previously made) to dispense with a subsequent demand. Indeed, such demand became impracticable by the surrender of the note. The fact that the renewal note was usurious does not, in any manner, affect the question of waiver. The plaintiff forebore, in consequence of the receipt of that note, to take the necessary proceedings to charge the defendant as indorser ; and he, after assenting or being instrumental to such forbearance, cannot avail himself of the omission of what presumably would otherwise have been done as a discharge of his liability. While the new note is ineffectual to charge him with liability thereon on account of usury,

of which he appears, by his own testimony, to have been cognizant at the time it was given, he must be estopped from claiming that such usury shall also absolve him from the consequences of his assent to an omission to protest the original note. That would, in its effect, operate as a fraud on the plaintiff.

It follows, from the views above expressed, that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.