SYLVESTER CADY, Respondent, *v*. HIRAM W. BRADSHAW, Impleaded, etc., Appellant.

The indorser of a promissory note may, before maturity, waive, either verbally or in writing, demand and notice of non-payment; the waiver may result from implication or usage, or from any understanding between the parties which satisfies the mind that a waiver was intended.

Before the maturity of a note, defendant H., an indorser thereon, called upon plaintiff, the holder, and asked to have it extended another year. To this plaintiff agreed, if H. would " let his name be on it and let it be as it was," to which H. assented. *Held*, that this constituted, in legal effect, a waiver of demand and notice.

*C. C. Bank* v. *Dill* (5 Hill, 403) distinguished.

The conversation as to renewal was testified to by plaintiff. Defendant H., as a witness in his own behalf, denied it. On cross-examination he was asked and compelled to answer, under objection and exception, as to whether the maker of the note had not failed in business? *Held*, no error; that, as bearing upon the credibility of H., it was proper to show the extent of his interest.

(Argued June 21, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made April 17, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was upon a promissory note.

The material facts are stated in the opinion.

*John H. Camp* for appellant. The contract of indorsement is conditional. (Story on Bills, § 198.) Before the holder of indorsed paper can charge an indorser he must see that these conditions are performed, or that the same are waived by the party to be charged, or render a sufficient excuse for their non-performance. (Story on Bills, § 257.) A mere verbal agreement, which may mislead, but does not purport to waive such presentment, will not be available. (Story on Bills, § 371; 13 Barb. 167.) It was the second indorser's duty to see that the first indorser was charged. (18 N. Y. 327.) Before an indorser can be bound by a waiver, his assent thereto must be established by a conversation or transaction between him and the holder, which clearly indicates that purpose or intent. (*Ross* v. *Hurd*, 71 N. Y. 41; *Cayuga Co. Bk.* v. *Dill*, 5 Hill, 405, 406; *Oswego Bk.* v. *Knower*, Hill & D. Sup. 122.) The court erred in overruling defendant's objection to the question asked the defendant Hiram Bradshaw: "Did your brother fail in business?" (*Green* v. *Disbrow*, 56 N. Y. 334; *Keeler* v. *Salsbury*, 33 id. 656.) It was inadmissible, being calculated to mislead the jury from the true point in issue. (56 N. Y. 336.)

*E. W. Hamm* for respondent. A waiver by the indorser of negotiable paper of demand upon the maker, and of notice of non-payment, may be by implication from his acts as well as by express words. (*Sheldon* v. *Horton*, 43 N. Y. 93; 2 Daniel on Neg. Inst. 143.) The request by the indorser, Hiram W. Bradshaw, of the plaintiff, and the holder of the note before the maturity thereof, that plaintiff should wait another year for payment thereof, and said indorser's agreement "that his name should remain thereon as before, if Rowland would consent, and interest should be paid," were a sufficient waiver of demand and notice of maturity, and their omission did not discharge the indorser. (*Cady* v. *Bradshaw*, 23

Week. Dig. 559; Parsons on Notes and Bills, 587; *Leonard* v. *Gray*, 10 Wend. 508; *Spencer* v. *Harvey*, 17 id. 489; *Hunter* v. *Hook*, 64 Barb. 475; *Leffingwell* v. *White*, 1 Johns. Cas. 99; *Rope* v. *Van Wagner*, 3 N. Y. S. Rep. 157; *Pugh* v. *McCormick*, 14 Wall. [U. S.] 361; *Reynolds* v. *Douglass*, 12 Pet. [U. S.] 497; 2 Daniel on Neg. Inst. 144, 145, § 1107; 1 Parsons on Notes and Bills, 392; 20 Alb. L. Jour. 63; *Leary* v. *Miller*, 61 N. Y. 489.)

PARKER, J. The defendant, Hiram W. Bradshaw, indorsed a promissory note made by E. D. Bradshaw to the order of Reuben Rowland, and indorsed by him. The note was for $1,000, payable one year after its date, which was July 11, 1882. It was not paid when due, and thereafter this plaintiff, who became the owner and holder thereof before maturity, commenced this action. The defendants, E. D. Bradshaw and Reuben Rowland, suffered default. This defendant, in and by his answer, and upon the trial, contended that he was not liable as indorser upon the note, for the reason that when the note became due it was not presented to the maker for payment, and notice of its dishonor given.

Upon the trial plaintiff insisted that demand and notice of maturity had been waived by the defendant prior to the date whereon the note became due; and the plaintiff testified to a conversation which he claimed to have had with the defendant, which, it was insisted, constituted, in legal effect, a waiver of his right to have a demand for payment made, and notice of non-payment thereof given to him. The defendant denied having the conversation testified to by the plaintiff. In submitting the question to the jury the court charged that if they believed the plaintiff's version of what took place between him and the defendant, there was a waiver, otherwise not. The jury found in favor of the plaintiff, and the judgment entered thereupon was affirmed by the General Term. In the disposition of the case then, by this court, the facts most favorable to the plaintiff must be deemed to have been found in his favor. The liability of an indorser of a note to pay it is

made to depend upon the implied condition that payment shall be demanded of the maker at maturity, and, in the event of default, that notice of non-payment shall be immediately given to the indorser. These conditions are for the benefit of the indorser, to enable him to have prompt notice of the default, so that he may immediately take steps to provide for his indemnity. The indorser may, however, prior to maturity, waive the conditions of demand and notice of non-payment. The waiver may be made either verbally or in writing. It is not necessary that the waiver should be direct and positive. It may result from implication and usage, or from any understanding between the parties which is of a character to satisfy the mind that a waiver is intended. (1 Parsons on Notes and Bills, 594.) The assent must, however, be clearly established, and will not be inferred from doubtful or equivocal acts or language. (*Ross* v. *Hurd*, 71 N. Y. 14.)

The facts which are relied upon to constitute a waiver on the part of the indorser of demand and notice of non-payment, and which must be assumed by this court to have been found in favor of the plaintiff, are as follows : Prior to the date at which the note matured this defendant called upon the plaintiff and asked him if he would extend the note another year if the interest should be paid up. He said he wanted it extended another year, and Ed (meaning the maker) would pay up the interest. Plaintiff responded that he was willing if the defendant would let his name be on it, and let it be as it was. Plaintiff further asked the defendant if he and Mr. Rowland would let their names remain on the note. And the defendant said yes, if plaintiff would let the note stand just as it was. Before the maturity of the note plaintiff saw Rowland, who consented to the extension.

The question presented, therefore, is whether the facts proven constituted a waiver of the indorser's right to a demand of payment and notice of non-payment thereof. Now, it is true that the indorser did not say in so many words, " I waive demand and notice of non-payment," but when he asked that the time of payment be extended a year, he, in effect, requested

that no demand of payment be made at maturity. That request, coupled with his promise to let his name remain on the note if the time of payment should be extended, must, we think, be held to constitute, in legal effect, a waiver of demand and notice of non-payment. (Parsons on Notes and Bills, p. 5*7; *Leonard* v. *Gary*, 10 Wend. 508; *Spencer* v. *Harvey*, 17 id. 489; *Hunter* v. *Hook*, 64 Barb. 475: *Leffingwell* v. *White*, 1 Johns. Cas. 99; *Rope* v. *Van Wagner*, 3 N. Y. S. R. 157; *Pugh* v. *McCormick*, 14 Wall. [U. S.] 361; *Reynolds* v. *Douglass*, 12 Pet. [U. S.] 497; 2 Daniel on Neg. Instruments, 144, 145.)

The case of *Sheldon* v. *Horton* (43 N. Y. 93) seems to be decisive of the question presented. In that case the holder of the note went to the indorser and told him that the maker wanted the note to remain another year, and asked him if he were willing, and he said he was willing to let it remain; and he took the note and looked it over and said it was a good note. The court held that the reply of the indorser constituted a waiver of demand and notice at maturity, and their omission did not discharge the indorser.

The case of *Cayuga County Bank* v. *Dill* (5 Hill, 403), pressed upon our attention by appellant's counsel, we regard as clearly distinguishable from the case under consideration. In that case the proposition of the indorser was to the effect that the maker would pay the note in part and give a renewal note for the balance. No time was asked in which to make this part payment and give the renewal note, and no agreement was made to extend the time of payment. While in the case under review the agreement was not only to extend the time of payment for one year, but it was also distinctly agreed that the note should remain as it was, with the name of the indorser thereon.

The appellant calls our attention to but one other question.

Against the defendant's objection, Hiram Bradshaw was compelled to answer this question: "Q. Did your brother fail in business?" An exception was duly taken, and then the defendant answered: "Yes, sir." Now, it is quite clear

that this evidence was not of any materiality whatsoever upon the question directly in issue, as to whether defendant waived demand and notice at maturity. But that question depended solely upon the testimony of plaintiff and defendant, who emphatically contradicted each other. Now, it is the rule that the jury have the right to take into consideration the extent of the interest of a witness in determining the measure of credibility which ought to be given to his testimony. That rule would seem to make it proper to show, on cross-examination, as was done in this case, that in the event of defeat the witness would have to pay the whole judgment, without any prospect of reimbursement from the maker, as might otherwise be expected. We think the ruling of the court was not error.

The judgment appealed from should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.