LOUIS · ULLMAN and Others, Appellants, *v.* SOLOMON JACOBS, Respondent.

*Pleadings — conforming them to the proof — notice of protest and waiver of protest.*

Upon the trial of an action brought against the indorser of a promissory note, the answer put in issue the allegation of due notice of protest, and the court found that such notice had not been given; but evidence was given by one of the plaintiffs, from which it might have been inferred that such notice was waived. No motion was made by the plaintiffs at any time to substitute in the complaint an allegation of waiver of notice of protest for the allegation of due notice.

After the evidence was closed, and the plaintiffs' motion for judgment on the evidence had been denied, the plaintiffs' counsel moved to conform the pleadings to the proof and to make the action one against the defendant as a surety. This was denied, and judgment was ordered for the defendant.

Subsequently the plaintiffs presented requests for findings, among which was one that the court find as matter of law that notice of protest was waived, the plaintiffs' evidence upon this point not having been contradicted. The court refused to so find, and the plaintiffs appealed.

*Held,* that the issue as to waiver of protest was not within the pleadings;

That, as upon the pleadings there could have been no recovery against the defendant as a surety, the discretion of the court was properly exercised when it denied the motion to make the action one against the defendant as surety.

APPEAL by the plaintiffs, Louis Ullman and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of April, 1894, upon the decision of the court, rendered after a trial before the court, without a jury, at the New York Circuit, and also from an order entered in said clerk's office on the 13th day of April, 1894, denying the plaintiffs' motion for a new trial.

*George M. Pinney, Jr.,* for the appellants.

*Herman Aaron,* for the respondent.

PARKER, J.:

The complaint alleged the making and delivery by one Brodsky of a promissory note payable to himself; its subsequent indorsement before maturity by the defendant, Solomon Jacobs, for a valuable consideration, and delivery to these plaintiffs who thereupon became, and still are, the lawful owners and holders thereof; presentation and demand of payment at maturity at the place where the same was made payable; refusal of payment and protest, with due notice thereof to the defendant.

The answer, among other things, put in issue the allegations of the complaint relating to notice of demand of payment, and the giving of notice of protest or dishonor to the defendant.

Upon the trial the plaintiffs attempted to establish the allegations of the complaint in such respect, but the trial court held that notice of protest was not given to the defendant until twelve days after the maturity of the note. The case was tried before the court without a jury, a jury being waived, and the evidence fully justified the finding made. One of the plaintiffs was called as a witness with the view of establishing, by his testimony, that due notice of dishonor was given to the defendant, and in the course of his evidence he related a conversation had with the defendant a few days prior to the maturity of the note, which, if true, would have supported a finding that the defendant had waived notice of protest.

This testimony was not contradicted by the defendant, and subsequently the plaintiffs requested the fact to be found, as plaintiff had testified, and as a conclusion of law, that notice of protest or dishonor was duly waived, which was refused, and plaintiffs insist upon this appeal that such refusals constituted error, entitling them to a reversal of the judgment.

The difficulty with this contention is, that while this testimony was brought out upon the examination of one of the plaintiffs, an effort was then being made to show by the witness that the defendant had received due notice of protest in conformity to the pleading, which alleged that notice of dishonor was duly given to the defendant, and not that the defendant had waived notice thereof. No motion was at that time made, or afterwards, to amend the complaint by substituting an allegation of waiver of protest in the place of the one alleging that due notice of protest had been given to the defendant.

After the evidence was closed and the plaintiffs' motion for judgment on the evidence had been denied by the court, plaintiffs' counsel addressed to the court the following motion : "I make a motion to conform the pleadings to the proof, and to make this an action against the surety." It is urged that both the court and defendant's counsel were informed by the motion that the plaintiffs relied upon the testimony bearing upon an alleged waiver of protest by the defendant, and that being so, that this court should consider whether, under all the circumstances, the discretion of the court was properly exercised in denying the motion. But the form of the motion suggests that the counsel had a very different proposition in mind than the one which he now urges. That having failed to persuade the court to direct a judgment in his favor, and having obtained an exception to the ruling, he conceived the idea that if the defendant could not be held as an indorser, he might be as surety, and so he moved the court to conform the pleadings to the proof, and to make this an action against the surety.

It is not even claimed now, that if the motion had been granted there could have been any recovery against the defendant as surety, and the motion as made presented that question to the court, and nothing more. Having denied that motion, judgment was ordered for the defendant, after which the plaintiffs presented requests to find, both of fact and law, and among them were the requests to which we have referred relating to the alleged waiver of protest.

The court refused to find them, and in so doing did not err, because the facts requested to be found in regard to the alleged waiver of protest were not within the issues presented by the pleadings, and which both court and counsel supposed were on trial.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.