(24 Misc. Rep. 384.)

## ROCH v. LONDON et al.

(City Court of New York, General Term. Aug. 4, 1898.)

INDORSER OF NOTE—DEMAND—WAIVER.

The indorser of a promissory note may, before maturity, waive, either verbally or in writing, demand or notice of nonpayment, and that waiver may result from any understanding between the parties which satisfies the mind that a waiver was intended.

Appeal from trial term.

Action by Isaac Roch against Charles London, Lazarus London, Lewis London, and Albert London. From a judgment and from an

order denying a new trial, defendants Lewis and Albert London appeal.    Affirmed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Manheim & Manheim, for appellants..

Lewis Lowenstein, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury and from an order denying a motion for a new trial. The action was brought upon a promissory note, alleged to have been made by the defendants Charles London and Lazarus London, constituting the firm of London Bros., and indorsed by the defendants Lewis London and Albert London, composing the firm of London & Bro., payable to the order of one Abraham L. Blumenthal, the plaintiff's assignor.    The defendants Charles and Lazarus London were brothers, and cousins of Lewis and Albert London, who were also brothers.    The makers do not defend.

It appears that, about a month before the maturity of the note, one of the makers called upon Blumenthal, and expressed a wish to pay the note in question, saying he was then in funds, and able to take it up, and gave Blumenthal the firm's check for the amount due, and adjusted the matters of interest, and received back the note, which he then and there destroyed, in Blumenthal's presence. This check was deposited for collection in Blumenthal's bank, and was returned next day without being paid, accompanied by a written memorandum that the account of the maker at the bank upon which the check was drawn had been closed the day previous.    Blumenthal testified that he then called upon the indorsers, and acquainted them with the circumstances, and received an answer from them that it was all right, and the note would be paid at maturity.    Subsequently, and about two days before the note matured, he again called upon the indorsers, and they then disavowed the whole transaction, and told him that the note had been destroyed, and that he (Blumenthal) could do nothing, and they would do nothing further about it.    The defendants deny this, and also deny the indorsement; and these disputed questions of fact were submitted to the jury, who found in favor of the plaintiff, and the plaintiff relies upon the acts of the defendants, as above stated, to excuse protest and notice.

It is said in Cady v. Bradshaw, 116 N. Y. 188, 22 N. E. 371, that the conditions imposed upon the holder of a note are for the benefit of the indorser, to enable him to have prompt notice of the default; and that the indorser of a promissory note may, before maturity, waive, either verbally or in writing, demand and notice of nonpayment, and that waiver may result from any understanding between the parties which satisfies the mind that a waiver was intended (citing 1 Pars. Notes & B. 594); and the court also said:

"It is not necessary that the waiver should be direct and positive, and, in the disposition of the case by this court, the facts most favorable to the plaintiff must be deemed to have been found in his favor."

But a perusal of the record before us serves to convince us that to pass over the case entirely with the views above expressed would be saying very much less than the very strange circumstances of the

case call for at our hands. We are not satisfied with characterizing the testimony in the case as the result of mistake, forgetfulness, or want of knowledge of the circumstances, but deliberate false swearing is apparent; and as was said by the court of appeals in the case of Cady v. Bradshaw, supra, "the facts most favorable to the plaintiff must be deemed to have been found in his favor," and they have found what all the circumstances point to as being the only reasonable and proper conclusion that could be reached. The findings of the jury fixed the liability of the defendants, and we are not disposed to disturb their verdict, and, entertaining these views, it follows that the judgment must be affirmed.

Judgment affirmed, with costs.

SCHUCHMAN and OLCOTT, JJ., concur.