### HIRSH v. AMERICAN DIST. TELEGRAPH CO.

(Supreme Court, Appellate Term.   March 21, 1905.)

ASSIGNMENTS—WITNESSES—INTEREST—EVIDENCE.

Where, in an action on an assigned claim, defendant denied that plaintiff was the assignee thereof, and the assignor was plaintiff's only witness, it was error to refuse to permit such assignor to be asked on cross-examination whether he was still interested in the result of the suit, to show his interest as a witness.

Appeal from City Court of New York, Trial Term.

Action by Morris J. Hirsh against American District Telegraph Company. From a City Court judgment in favor of plaintiff, defendant appeals. Reversed.

See 90 N. Y. Supp. 464.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

George H. Fearons, for appellant.
Herbert H. Maass, for respondent.

BLANCHARD, J.   The defendant, in its answer, denied that the plaintiff was the assignee of the claim upon which this action is based. The assignor, the plaintiff's only witness, was cross-examined by the defendant's counsel as follows:

"Q. You have assigned this claim, as I understand? A. Yes, sir.   Q. You are still interested in the result of this suit, are you not?   Plaintiff's Counsel: I object to that.   (Objection sustained.)   Defendant's Counsel: I wish to show his interest as a witness; that is all.   The Court: I sustain the objection. (Exception.)   Q. Have you assigned this under an arrangement by which the result of the suit will affect whether it amounts to the payment or not on a transaction?   Plaintiff's Counsel: Objected to on the ground that it is incompetent, irrelevant, and immaterial.   (Objection sustained: Exception.)"

This cross-examination was proper, as tending to show that the plaintiff was an interested witness. It related to the weight and credibility of his testimony, and was therefore proper matter for submission to the jury. The exceptions by the defendant's counsel to the exclusion of this cross-examination were well taken, and discloses a material error, which calls for the reversal of the judgment. Vaughn v. Westover, 2 Hun, 43; Cady v. Bradshaw, 116 N. Y. 188, 22 N. E. 371, 5 L. R. A. 557.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.