THOMAS J. HAYWARD and EDWARD L. BARTLETT, Appellants, *v.* EMPIRE STATE SUGAR COMPANY, Defendant, Impleaded with ORLANDO F. THOMAS, Respondent.

*Accommodation indorser of a note which it is agreed shall be renewed — effect of a failure to present for payment, at maturity, the renewal note, in a suit against the indorser on the original note — a waiver of "all notice of presentment, dishonor and protest" does not waive presentment and demand of payment.*

In an action brought to recover upon a promissory note made by the defendant corporation to the plaintiffs' order and indorsed by the defendant Thomas, it appeared that the note in suit was given in consideration of the discharge of a judgment obtained by the plaintiffs against the defendant corporation; that at the time the note was given a written agreement was made that such note might be renewed at maturity. The defendant Thomas, who was also to indorse the renewal note, waived, by such written agreement, "all *notice* of presentment, dishonor and protest" of the original and renewal notes.

When the original note became due it was duly protested for non-payment and notice thereof was given to Thomas. The renewal note, indorsed by Thomas, was thereupon given and the original note was surrendered to the defendant corporation. The renewal note was not presented for payment until the day after it became due, when payment was refused. The plaintiffs offered to surrender the renewal note upon recovering judgment on the original note.

*Held,* that the complaint was properly dismissed as to the defendant Thomas;

That Thomas, by waiving notice of presentment, dishonor and protest of the two notes, did not waive presentment and demand of payment of such notes;

That the giving of the renewal note did not discharge the original note, and that if the renewal note had been duly presented for payment to the maker at maturity and payment demanded, the plaintiffs might, upon surrendering the renewal note, maintain an action upon the original note against the maker and indorser thereof;

That, in the absence of proof to the contrary, it would be assumed that the maker would have paid the renewal note had it been presented to him for payment at its maturity;

That, giving effect to such presumption, the failure to present the renewal note for payment at maturity injured the indorser to the extent of the full amount of the renewal note and interest and discharged him from liability on both notes.

*Semble,* that if the plaintiffs proved that the indorser suffered no injury from the failure to present the renewal note for payment at its maturity, the indorser would not be discharged from liability.

APPEAL by the plaintiffs, Thomas J. Hayward and another, from a judgment of the Supreme Court in favor of the defendant

Orlando F. Thomas, entered in the office of the clerk of the county of Wayne on the 6th day of January, 1905, upon the decision of the court, rendered after a trial at the Wayne Trial Term, a jury having been waived, dismissing the complaint as to the said defendant, Orlando F. Thomas.

*Hamn & Knapp,* for the appellants.

*Charles T. Ennis,* for the respondent.

WILLIAMS, J.:

The judgment should be affirmed, with costs.

The action was upon a promissory note made by the defendant sugar company and indorsed by the defendant Thomas. The defense was that Thomas had been released from liability by failure to present and demand payment from the maker of a note given in renewal of the note in suit.

The facts were all conceded and were, briefly, as follows: The note in suit was given March 17, 1902, for $5,469.73, payable at six months to plaintiffs' order at the Bank of Wayne, Lyons, N. Y., with interest. The consideration of the note was the balance remaining unpaid upon a judgment in favor of plaintiffs and against the defendant sugar company, which was discharged upon the giving of the note. Thomas, the indorser, was then the president of the sugar company. An agreement in writing was made at the time the note was given that the note might be renewed at maturity for a further six months, Thomas indorsing the renewal note, and Thomas in such written agreement waived "all *notice* of presentment, dishonor and protest" of the original and renewal notes. When the original note became due September 17, 1902, it was duly protested for non-payment and notice given Thomas, the indorser. The renewal note was thereupon given for $5,633.82, payable at six months to plaintiffs or order at the same bank, with interest, and was indorsed by Thomas. The original note was then surrendered to the defendant sugar company and has ever since been in its possession. The renewal note was not presented March 17, 1903, and payment demanded, but it *was* presented March 18, 1903, and payment demanded and refused. The action is brought on the original note and plaintiffs offered to surrender the renewal

note upon recovering on the original note. These facts being agreed on, the trial court dismissed the complaint as to the indorser Thomas. From the judgment entered upon such decision this appeal is taken.

The indorser, Thomas, by the written agreement of March 17, 1902, merely waived *notice* of presentment, dishonor and protest of the two notes. He did not waive presentment and demand of payment of the notes. (*Cook* v. *Warren*, 88 N. Y. 37, 41.)

There was, therefore, a failure to charge the indorser upon the renewal note. The original indebtedness, however, was not extinguished by the giving of the notes therefor. The effect was merely to extend the time of payment until the notes respectively became due. The original note did not pay the debt, and the renewal note did not redeem the promise of the original note, nor itself pay the original debt.

If the renewal note had been duly presented to the maker at maturity and payment demanded this action could be maintained upon the original note against the maker and indorser, the plaintiffs surrendering the renewal note. (*Jagger Iron Co.* v. *Walker*, 76 N. Y. 522.)

It is claimed, however, that the failure to present and demand payment of the renewal note operated to discharge the indorser from liability upon the original note; that the indorser was injured by failure of presentment and demand of payment of the renewal note, and this injury extended to the full amount of the renewal note, because, if the note had been so presented and payment demanded, it would have been paid by the maker, the sugar company, and the indorser relieved entirely from the payment thereof. It does not appear in the case whether such payment would have been made on presentment and demand, but in the absence of proof the presumption is that it would have been so paid. (*Commercial Bank of Albany* v. *Hughes*, 17 Wend. 94; *Smith* v. *Miller*, 43 N. Y. 172; 52 id. 548.)

In the latter case it was said in the opinion: " Where the omission of demand and notice cannot possibly operate to the injury of the indorser of a note * * * he will not be discharged, but such injury is presumed until the plaintiff, by proof on his side, removes all chance of damage."

Assuming that the indorser would not be released unless he suffered injury and that the renewal note would have been paid by the maker if it had been presented at maturity and payment demanded, the failure of such presentment and demand certainly injured the indorser to the extent of the full amount of the note and interest, and discharged him from all liability upon both notes. (See *First Nat. Bank* v. *Fourth Nat. Bank*, 77 N. Y. 320, 325 ; *Carroll* v. *Sweet*, 128 id. 19, 22 ; *Martin* v. *Home Bank*, 160 id. 191.)

This was the theory upon which the case was disposed of by the trial court, and we see no reason to disturb the decision so made.

*First National Bank* v. *Weston* (25 App. Div. 414) decided no question here involved. All that is claimed for it is that in the opinion Mr. Justice ADAMS said something that bears upon the question we have here. The action there was brought upon a note. There had been several renewal notes given thereafter. There was no protest of the original note sued on or of any of the renewal notes. The report of the case states that the last renewal note was presented at the bank. It is said an examination of the original record fails to show this to be true. It was, however, one of the facts upon which the opinion was based, and must be considered in getting at the real meaning of the opinion. The court said that the protest of the original note sued on was waived by the giving of the renewal note. No authority was cited for this conclusion, but *Leary* v. *Miller* (61 N. Y. 488) had held the same doctrine over twenty years before. This was all there was said in the *Weston* case on the question we have here. The case was decided upon another ground. It is said that the indorser's liability on the original note was fixed by its protest and he was thereafter a principal debtor, and could not claim the rights of an indorser merely on the renewal note. By the written agreement of all the parties, there was to be a renewal for six months from the maturity of the original note, and when pursuant to this agreement the renewal note was given the rights of the parties thereon were precisely the same as upon the original note. The giving of the renewal note merely extended the time of payment of the original debt or note, leaving the rights of the parties to the notes unchanged. Certainly the rights of the maker and indorser as between themselves remained unchanged. The maker was primarily liable for the debt repre-

sented by the notes, and, therefore, the failure of the holder to secure payment of the renewal note from the maker injured the indorser to the extent of the full amount of the note. The holder knew what the real relations were between the maker and the indorser of the note, and should, therefore, bear the loss occasioned by its own neglect, rather than impose it upon the innocent indorser.

We conclude that the trial court correctly disposed of the case, and that the judgment should be affirmed as already suggested.

All concurred; STOVER, J., in result only.

Judgment affirmed, with costs.