THOMAS A. CLARKE, Appellant, Respondent, v. CHARLES J. STUMPF and HENRY J. LANGHOFF, Respondents, Appellants.

Second Department, January 23, 1920.

Bills and notes — liability of accommodation indorsers — request by indorsers that note be renewed to avoid dishonor — waiver of presentment and demand of payment — indorsers not primarily liable — renewal does not discharge prior note — when failure to make due presentment raises question of fact as to liability of indorsers — evidence — lack of funds of maker — question as to whether indorsers are liable for requests of each other.

Where on the dishonor of the promissory note of a corporation the defendants, who had indorsed the same before delivery to give credit thereto, requested the holder to accept a renewal note which they also indorsed,

there was a waiver by the indorsers of any failure to make proper present-
ment of payment of the first note, as it was to avoid the dishonor of the
original paper that the renewal note was given.

As the note was the note of the corporation given to secure the payment of
rent the indorsers were not primarily liable thereon.

The renewal did not discharge the first note, but became only a means of
payment.

Where on the maturity of the renewal note there was another failure to
make due presentment and demand for payment, the question as to whether
the indorsers were injured thereby is one of fact, for it may have been that
if the note had been duly presented the corporation would have paid so
as to relieve the indorsers and, in the absence of evidence, there is a legal
presumption that it would have so been paid.

Where the plaintiff sought to hold such indorsers it was error to exclude evi-
dence that at the date of maturity the corporation which made the note
had no money in the bank where it was payable, which error requires a
new trial.

*It seems*, that as one of the indorsers was only a partner in business of the
other indorser who was president of the corporation the question as to
whether he was bound by the requests and promises of the president of
the maker may, upon a new trial, raise a question of fact for the jury.

BLACKMAR, J., and JENKS, P. J., dissent, with opinion.

CROSS-APPEALS by the plaintiff, Thomas A. Clarke, and the
defendants, Charles J. Stumpf and another, from an order of the
Supreme Court, made at the Kings County Trial Term and
entered in the office of the clerk of the county of Kings on the
7th day of October, 1918, setting aside the verdict of a jury in
plaintiff's favor for $1,650, and granting a new trial.

The defendants appeal only from so much of said order as
denies their motion to dismiss the complaint.

The complaint alleges that on August 1, 1916, the Social
Centres Corporation made and delivered to the plaintiff, at the
city of New York, its promissory note for $1,500, payable in
sixty days, and that the defendants indorsed the same before
delivery to give credit thereto; that the same was duly pre-
sented, payment refused and due notice given to defendants;
that on October 1, 1916, defendants delivered to plaintiff
another note for $1,500 in renewal of the last-mentioned note,
bearing the same indorsement, payable in sixty days at the
German-American Bank, Milwaukee; that payment of the same
was duly demanded, refused, and due notice thereof given to
defendants; that such notes were made for the benefit of
defendants, who were the persons primarily liable thereon.

The answer admitted that the second note indorsed by these defendants about October first was delivered as a renewal note in place of the first note, but denied notice of presentment and of non-payment of either of such notes, or that defendants were liable thereon.

These notes had been given for rent. The Social Centres Corporation (maker of the notes), of which defendant Stumpf was president, had leased from plaintiff Arcadia Hall, in Brooklyn. Through delays in transmission, the second note was not duly presented at the German-American Bank of Milwaukee, where it was payable.

At the close of the trial both parties moved for the direction of a verdict. This was first directed for defendants. The plaintiff then moved for leave to go to the jury, which the court granted, reserving by consent its decision on defendants' motion to dismiss the complaint. The court eventually left to the jury only the issue whether defendants were primarily liable. The jury found for the plaintiff, which verdict the court set aside. It then denied defendants' motion to dismiss the complaint, and ordered a new trial.

*Benjamin Reass* [*Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the plaintiff.

*Sol Kohn,* for the defendants.

PUTNAM, J.:

Although the first note had been renewed, and defendant Stumpf had written to plaintiff to wire and have the note recalled, it appears that in the channels of bank collection it reached Milwaukee, but was not properly presented, the demand being by telephone only. This, however, did not affect the defendants' liability, since acceptance of such a renewal note is a waiver of any further step to hold the indorsers of the original note. (*Leffingwell* v. *White*, 1 Johns. Cas. 99; *Leonard* v. *Gary*, 10 Wend. 504; *Sheldon* v. *Horton*, 53 Barʰ. 23; affd., 43 N. Y. 93; *Cady* v. *Bradshaw*, 116 id. 188; *National Hudson River Bank* v. *Reynolds*, 57 Hun, 307, 309.)

Inasmuch as the fact that this second note was taken in renewal was not only set up in the complaint, but admitted in

the answer, no point of pleading arises. This waiver was not a matter of excuse by special circumstances, but was by the indorsers' formal act that extended the debt so that thereafter presentment and protest of a note thus superseded would be not only vain, but improper. Indeed, it is to avoid just such apparent dishonor of the original paper that renewal notes are given. (*Leary* v. *Miller*, 61 N. Y. 488, 491.)

We are agreed that in this form of action these appellants are indorsers, and cannot be found to be primarily liable. The notes were for the debt of a corporation; and though appellants may have expected to pay them, that was not enough to make them primarily liable.

We are also in accord that the renewal note did not discharge the first note, but became only a means of payment.

We differ as to the effect of non-presentment of the second note upon the defendants' liability as indorsers of the first note. Whether such defendants were injured by the failure to present and demand payment of the renewal note is a question of fact, namely, whether if such note had been so presented, the maker, the Social Centres Corporation, would have paid it, and so relieved the indorsers. In the absence of evidence, the legal presumption is that it would have been so paid. (*Hayward* v. *Empire State Sugar Co.*, 105 App. Div. 21, 23.) The plaintiff here, however, undertook to show by inquiry of the defendant Stumpf that at the date of maturity the Social Centres Corporation had no money in the German-American Bank of Milwaukee, where this note was payable, but this was excluded. This obviously requires a new trial.

It may be urged that these requests and promises were on the part of Stumpf alone, without concurrent action of defendant Langhoff, whose partnership with Stumpf apparently was only in the clothing trade. This might raise a question for the jury on the new trial.

I advise, therefore, to affirm the order setting aside the verdict and for a new trial. As these are cross-appeals, such affirmance is without costs.

MILLS and RICH, JJ., concur; BLACKMAR, J., reads to modify the order by dismissing the complaint, with whom JENKS, P. J., concurs.

BLACKMAR, J. (dissenting):

I think the learned trial justice should also have dismissed the complaint upon the motion reserved. Neither the original nor the renewal note was duly presented. The necessary condition to an indorser's liability did not, therefore, exist. On this we are agreed; and yet it is proposed to grant a new trial on the theory that the jury may find a waiver of presentment of the first note and hold the defendants liable thereon. The first objection is that waiver is not pleaded, and I think it is the law of this State that waiver may not be shown under a plea of presentment and notice. (*Ullman* v. *Jacobs*, 86 Hun, 186; *Congress Brewing Co., Ltd.*, v. *Habenicht*, 83 App. Div. 141; *Clift* v. *Rodger*, 25 Hun, 39; *Bird* v. *Kay*, 40 App. Div. 533.) The prevailing opinion holds that acceptance of a renewal note is a waiver of any further steps to hold the indorser of the original note, and that the action may be maintained upon the original note without regard to the other allegations of the complaint and the subsequent acts of the parties. None of the cases cited by my brother PUTNAM seem to me authority for his contention. In none of them is it held that a renewal note in and of itself is a waiver of presentment of the original, and notice of non-payment. *Cady* v. *Bradshaw* (116 N. Y. 188), *Sheldon* v. *Horton* (53 Barb. 23), and *Leffingwell* v. *White* (1 Johns. Cas. 99) are all cases where it is held, upon the evidence of negotiation between the parties, that there was a waiver. In *Leonard* v. *Gary* (10 Wend. 504) it is held that a promise to pay estopped the indorsers to allege want of demand and notice. In *National Hudson River Bank* v. *Reynolds* (57 Hun, 307) the renewal note was not accepted. These cases, with *Leary* v. *Miller* (61 N. Y. 488), are decided on the principle that where an indorser induces by promises to pay or by other representations, a holder of a promissory note to forbear to present it for payment, he cannot thereafter allege the failure to present for the purpose of escaping liability. That is not this case; nothing which the indorsers did induced the holder to omit presentation; this was due to a fault of plaintiff's banking agent in Milwaukee. To hold that a renewal note, where the indorsers still continue a conditional liability, makes them liable absolutely on the first note, is to make a new contract between the parties contrary to their obvi-

ous intent.   The agreement was that the indorsers should be continued with an indorser's liability.   The parties so understood it.   The plaintiff attempted to make demand on the renewal note, but, apparently through an error in banking channels, failed.   No desire on our part to accomplish our own notion of justice warrants unsettling the law of negotiable paper or making a contract to which the parties have never consented.

I think, therefore, that the motion to dismiss the complaint, which was reserved by the court pending submission to the jury of the question of the primary liability of the defendants, should have been granted, and that the complaint should be dismissed.

JENKS, P. J., concurs.

Order affirmed, without costs.