## ELMIRA E. RHOADS *v.* NATIONAL BANK OF COCKEYSVILLE
[No. 29, January Term, 1937.]

*Decided March 17th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John Grason Turnbull* and *Alfred J. O'Ferrall, Jr.,* for the appellant.

*Milton R. Smith,* for the appellee.

URNER, J., delivered the opinion of the Court.

A judgment by confession was entered by the Circuit Court for Baltimore County, on March 1st, 1934, in favor of the National Bank of Cockeysville and against Albert E. Rhoads and Elmira E. Rhoads, his mother, on a promissory note, dated April 1st, 1931, and payable on demand, containing a power of attorney for the confession of a judgment on the note at any time after it matured. On November 4th, 1935, Elmira E. Rhoads, the appellant, filed a petition to strike out the judgment. The ground of the petition, as later amended and finally dismissed, and as now urged on appeal, is that the appellant signed the note as indorser and that it should have been presented for payment, and notice of its dishonor given to her, within a reasonable time after its date, as a condition of the liability contracted by her indorsement. It was alleged in the petition that no such notice was given until some time in February, 1934, nearly three years

after the note was executed, and that the indorsement is unenforceable because of that delay. In support of the judgment it is argued that the terms of the appellant's indorsement of the note specifically made her primarily liable for its payment and had the effect of waiving the presentment and notice which she claims to have been requisite.

The indorsement, signed both by the appellant and by her son, the maker of the note, was in the following form: "In consideration of one dollar paid to the undersigned and of the making at the request of the undersigned of the loan evidenced by the within note, the undersigned hereby jointly and severally guarantee to National Bank of Cockeysville its successors, endorsees, or assigns the punctual payment at maturity of the said loan and hereby assent to all the terms and conditions of the said note, and consent that the securities for the said loan may be exchanged or surrendered from time to time, or the time of payment of the said loan extended, without notice to or further assent from the undersigned, who will remain bound upon this guarantee, notwithstanding such changes, surrender or extension; and the undersigned further agrees that it or they or any of them, shall be regarded as principals of the within note, as between the undersigned, or any of them, and any holder of this note."

The provision in the note for a confession of judgment was expressly applicable to both the maker and the indorser. In *Johnson v. Phillips,* 143 Md. 16, 122 A. 7, 10, the form of indorsement stipulated that all the provisions of the note should apply to and bind indorsers as though they were makers. The note included a power of attorney for a confession of judgment. The indorser was held to be amenable to such a judgment jointly with the maker of the note. The court declined in that case to discuss the question whether the party signing the indorsement was a guarantor or simply an indorser, because "the form of the indorsement made him liable to be sued as a maker." It is not denied that the appellant in this case was subject to the provision in the note for a confession

of judgment, if she is not to be exempted from liability upon the ground stated in her petition.

The following quotations from the Negotiable Instrument Law (Code, art. 13) are pertinent:

"82. A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

"89. Presentment for payment is not necessary in order to charge the person primarily liable on the instrument."

"90. Where the instrument * * * is payable on demand, presentment must be made within a reasonable time after its issue."

"101. Presentment for payment is dispensed with: * * * 3. By waiver of presentment, express or implied."

"108. Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

"128. Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

The intention of the appellant to be bound as a principal on the note is definitely stated in the indorsement now under consideration. It was agreed that she was to be so regarded as to any holder. Having thus assumed the position of a party primarily liable, the appellant is not entitled to demand the unqualified rights of an indorser. The special terms of her indorsement prevent the recognition of her asserted right with respect to presentment and notice of dishonor. A waiver of that condition was implied and involved in her agreement to be regarded as a principal, with a stipulation that the time for the payment of the loan might be extended without notice to her

and that she would remain liable notwithstanding such an extension.

It is a well-supported view that consent by an indorser of a note to extension of the time of payment is of itself sufficient to indicate that presentment and notice of dishonor have been waived. *Cady v. Bradshaw*, 116 N. Y. 188, 191, 22 N. E. 371; *Ridgeway v. Day*, 13 Pa. 208; *First National Bank v. Johnson*, 169 N. C. 526, 86 S. E. 360; *Amoskeag Bank v. Moore*, 37 N. H. 539; Note to *Worley v. Johnson*, 33 L. R. A. (N. S.) 641; 2 *Daniel on Negotiable Instruments* (6th Ed.), p. 1258. But in this instance the indorser's consent that the time of payment might be extended without notice to her is combined with her agreement to be regarded as a principal. In *Linthicum v. Bagby*, 131 Md. 644, 646, 102 A. 997, it was said in the opinion that waiver of notice of dishonor may be implied by any conduct or words of the indorser by which the holder of the note may reasonably be induced to believe that such waiver was intended. There is adequate reason to infer an intention to waive presentment and notice from the terms of the appellant's indorsement.

The record shows that interest on the note was paid to October 1st, 1933, and that the principal was reduced, by two payments, from $3,000 to $2,400. The extension of the loan during the period of those credits was in accord with the appellant's indorsement contract. It is admitted that notice of presentment and dishonor was in fact given to her shortly before the judgment by confession was entered, and within a few months after the date to which the last interest payment had been credited. There is no occasion to decide whether the presentment and notice were unreasonably delayed, in relation to the defendant's liability, because in our opinion she had effectually waived those formalities by the terms of the indorsement which she signed.

*Order affirmed, with costs.*