LAWRENCE, BLAKE & JEWELL, INC., Respondent, *v.* ROCKHURST REALTY CORPORATION, Defendant, Impleaded with JOHN A. LARKIN, Appellant.

First Department, December 16, 1938.

*Vinson C. Aronson* of counsel [*Leo Kaplan*, attorney], for the appellant.

*Raymond E. Burdick* of counsel [*Lewis M. Isaacs, Jr.*, with him on the brief; *M. S. & I. S. Isaacs*, attorneys], for the respondent.

PER CURIAM. The renewal note, which was payable on demand, was not presented until five years, eleven months and twenty-six days after its issue. As the circumstances causing this delay are in dispute there were triable issues as to whether presentment was made within a reasonable time and whether the indorser had been discharged under the circumstances. (Neg. Inst. Law, §§ 4, 130 and 131; *Commercial National Bank* v. *Zimmerman*, 185 N. Y. 210.)

Nor may the summary judgment be upheld on the theory that plaintiff might hold appellant as indorser of the original note. Though the giving of a renewal note waives presentment of the original note an indorser who signs both notes may be discharged if the renewal note is not duly presented and he is injured thereby. In the absence of proof there is a presumption that the renewal note would have been paid if duly presented. (*Hayward* v. *Empire State Sugar Company*, 105 App. Div. 21; affd., 191 N. Y. 536.) Here the only evidence offered to show that the renewal note would not have been paid if presented sooner is statements in the moving affidavit to the effect that a letter was written requesting payment which was unanswered; that an assignment of rents was made by the maker (a real estate holding corporation) to the holder of a mortgage on its property, seven months after the issuance of the note; and that two judgments were entered against the maker several years thereafter, on one of which (three years after the issuance of the note) execution was returned unsatisfied. We will assume that such occurrences would be some evidence to show that no injury had been sustained by the indorser from non-presentment. Nevertheless, there was a sufficient lapse of time between the giving of the renewal note and the occurrence of these events to raise an issue of fact as to whether such renewal note would not have been paid if it had been presented within a reasonable time after issue.

The judgment and order, so far as appealed from, should be reversed, with costs, and the motion for summary judgment as to defendant-appellant denied.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ.

Order and judgment, so far as appealed from, unanimously reversed, with costs, and motion for summary judgment as to defendant-appellant denied.