D. Vincent Cerrito, J.
The defendant has moved, pursuant to CPLR 3211 (subd [a], par 7), for an order dismissing plaintiff’s second cause of action upon the ground that it fails to state a cause of action. The plaintiff, in a separate motion, has moved for a summary judgment on the grounds that there are no triable issues of fact and that there are no defenses to the plaintiff’s second cause of action. The court, in effect, has consolidated these motions by notifying the parties that it *1076 would treat defendant’s motion as one for summary judgment (CPLR 3211, subd [c]).
Basically the facts are that on December 9, 1971 the plaintiff loaned the Tiber Construction Company, Inc. $30,000 payable on demand. This note was signed on behalf of the corporation by its president and vice-president, August Sciocchetti and Edward R. Downey and endorsed by Sciocchetti and Downey in their individual capacities. On June 29, 1973, the plaintiff mailed a certified letter, return receipt requested, to the corporation demanding full payment of the note by July 16, 1973. This letter was returned to the plaintiff unclaimed; however, carbon copies of this letter were received by Downey and the executrix of the estate of August Sciocchetti. After the corporation defaulted on this note, the plaintiff, in September 1973, commenced this action to recover the balance due from the defendant.[1]
The complaint contains two causes of action; the distinguishing feature between them is that the first cause of action alleges that notice of dishonor was given to the endorser while the second cause of action alleges that plaintiff was excused from giving notice of dishonor under provisions of the Uniform Commercial Code.
It is the defendant’s contention that the fact that she is the executrix of the estate of August Sciocchetti does not excuse the plaintiff from giving her notice of dishonor and its failure to do so discharges her on this note.
The Uniform Commercial Code states that notice of dishonor is necessary to charge any endorser unless excused under one of the circumstances set forth in section 3-511 of the Uniform Commercial Code (Uniform Commercial Code, § 3-501, subd (2), par [a]). The purpose of giving an endorser notice of dishonor is to give him prompt notification of the maker’s default so that he might take steps to protect his rights against prior endorsers and makers (Cady v Bradshaw, 116 NY 188). It is the court’s opinion that the reason for giving notice of dishonor is obviated when it is shown that the endorser of a corporate note is an officer of and actively engaged in the affairs of the corporation, is fully cognizant of the corporation’s financial affairs and is the party to whom the presentment was in fact made (Makel Textiles v Dolly Originals, 4 UCCRS 95; Armstrong Co. v Janburt Embroidery *1077 Corp., 97 NJ Super 246). Under these circumstances, the endorser would or should know of the corporation’s default, therefore giving such an endorser notice of dishonor would be a redundant act.
Since this formulation raises several factual issues which can only be adequately resolved by trial, both parties’ motions for summary judgment are denied without cost.
The defendant shall serve an answer to the plaintiffs complaint within 20 days after the service of the order herein with notice of entry.

. A separate action was commenced against Edward R Downey.